# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**June 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **I.A.**

**No. 15-1169** (Jackson County 14-JA-35)

## MEMORANDUM DECISION

Petitioner Father L.A., by counsel Erica Brannon Gunn, appeals the Circuit Court of Jackson County's October 27, 2015, order terminating his parental rights to three-year-old I.A.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), R. Michael Shaw Jr., filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) finding that he was unsuccessful in his improvement period; and (2) terminating his parental rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2014, the DHHR filed an abuse and neglect petition against petitioner, the child's mother, and the child's stepfather.[3] In that petition, the DHHR alleged that the child's stepfather physically abused the children; that the child's mother and stepfather engaged in

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[3]The child's stepfather was the biological father of another child in the home who is not at issue in this appeal. The DHHR later amended the petition in this matter to make allegations against other parents, including the child's stepfather, but the allegations against petitioner remained the same.

1

domestic violence in the home; that petitioner had abandoned the child due to his prolonged incarceration for third-offense domestic violence, a felony; and that each parent failed to supervise the child.

In May of 2014, the circuit court held an adjudicatory hearing. Petitioner remained incarcerated at that time. At the conclusion of that hearing, the circuit court found that petitioner had "been absent from the life of the child . . . and ha[d] provided no material or emotional support for the child as a result of his conviction, and subsequent incarceration[.]"

In July of 2014, at the time scheduled for a dispositional hearing, the circuit court granted petitioner's motion for a post-adjudicatory improvement period. Thereafter, the multidisciplinary team ("MDT") met to set forth their expectations for petitioner in his improvement period, given the limited access he had to services while incarcerated. When the MDT met, petitioner was scheduled to become parole eligible in December of 2014. Therefore, much of petitioner's improvement period was based upon his anticipated release from prison. The terms of petitioner's improvement period included his successful completion of parenting, substance abuse, and domestic violence classes while incarcerated, and upon his release, he was required to (2) submit to random drug screens; (3) visit the child as directed; and (4) provide safe and appropriate housing for the child.

In February of 2015, the circuit court held a review hearing on petitioner's improvement period. At that time, the circuit court noted petitioner's compliance with the terms of his improvement period and, without objection, granted his motion for an extension thereof for a period not to exceed three months.

In July of 2015, the circuit court held a final review hearing on petitioner's improvement period, which expired in May of 2015. The evidence showed that petitioner was released from incarceration in June of 2015. The circuit court heard evidence that petitioner completed various classes and groups, such a "parenting group," while incarcerated. However, the DHHR worker testified that she had no verification of the contents or topics covered in those classes.

As to his release from prison, petitioner testified that, notwithstanding his parole eligibility in December of 2014, he did not want to be paroled at that time. He explained that he would rather have remained in prison for six more months to complete his prison sentence and avoid parole requirements upon his release. The evidence also established that, at the time of the hearing, petitioner had not seen the child since April of 2014, when she was fifteen months old.

Although the circuit court did not issue a ruling from the bench on whether petitioner successfully completed his improvement period, it ordered the DHHR to arrange supervised visits between petitioner and the child. It further appears from the record on appeal that petitioner was required to submit to random drug screens for the remainder of the proceedings.

By order entered in late July of 2015, the circuit court found that petitioner failed to successfully complete his improvement period. In addition to the DHHR's claim that it was unable to verify the content of the classes petitioner completed in prison, the circuit court noted that "avoiding supervision requirements imposed on parolees [wa]s of greater importance to

[petitioner] than establishing and maintaining a relationship as a [f]ather to his child[.]" The circuit court also found that petitioner had no bond with the child. The matter was scheduled for disposition.

In August and October of 2015, respectively, the circuit court held two dispositional hearings. During those hearings, the DHHR worker testified that it would not be in the child's best interest to be returned to petitioner's custody. The evidence further established that petitioner tested positive on one occasion for marijuana and failed to appear for four additional drug screens. By order entered on October 27, 2015, the circuit court terminated petitioner's parental rights. In doing so, the circuit court found that petitioner failed to successfully complete an improvement period; that there was no indication that he could substantially correct the underlying conditions in the near future; that the child had been in foster care for more than fifteen months; and that the child's best interests required termination. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner first argues that the circuit court erred in finding that he was unsuccessful in competing his improvement period. We have generally held that an improvement period constitutes an opportunity for a parent to modify the behavior underlying the conditions of abuse or neglect as alleged in a petition. *See In re Emily*, 208 W.Va. 325, 334, 540 S.E.2d 542, 551 (2000). Moreover, we have previously directed that

3

"[a]t the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child[ren]." Syllabus Point 6, *In the Interest of Carlita B*., 185 W.Va. 613, 408 S.E.2d 365 (1991).

Syl. Pt. 4, *In re Faith C*., 226 W.Va. 188, 699 S.E.2d 730 (2010).

Here, while the parties dispute whether petitioner completed the classes necessary to fulfill the terms of his improvement period while in prison, it is clear that the terms of his improvement also called for his release from prison with sufficient time to demonstrate improvement in his parenting by (1) submitting to random drug screens; (2) visiting with the child; and (3) maintaining safe and appropriate housing for the child. At the time these conditions were imposed, petitioner's parole eligibility date was in December of 2014. Notably, the terms of his initial improvement period expressly ended in February of 2015, which would have provided him several months after his contemplated release date in December of 2014 to complete his improvement period. However, it is undisputed that petitioner was not released from prison until June of 2015—after the initial improvement period, and the three-month extension, expired. It appears from petitioner's testimony that his late release was due, at least in part, to his desire to remain in prison from December of 2014 until June of 2015 so as to discharge his prison term in full, thereby avoiding parole requirements upon his release. Therefore, for those reasons, petitioner was incarcerated during the entirety of his improvement period and clearly failed to comply with all of the terms thereof. As such, we find no error in the circuit court's ruling that, at the time of the final review hearing in July of 2015, petitioner had demonstrated insufficient improvement to justify the return of the child to his care.

Petitioner's second assignment of error is that the circuit court erred in terminating his parental rights to the child. Petitioner asserts that the circuit court abused its discretion in terminating his parental rights when he showed significant parental improvement by substantially complying with the terms of his improvement period. Pursuant to West Virginia Code § 49-4-604(6), circuit courts are directed to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected *in the near future*" and that termination is necessary for the child's welfare. (Emphasis added.) Given that petitioner did not substantially comply with his improvement period, as explained above, his argument must fail. Following our review, we find no error in the circuit court's finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect *in the near future*. In addition to petitioner's prolonged incarceration and failure to satisfy the terms of his improvement period, he tested positive for marijuana and failed to submit samples for four additional drug screens following his release from prison. Based on the circumstances of this case, we find no merit to petitioner's second assignment of error.

For the foregoing reasons, we find no error in the circuit court's October 27 2015, order, and we hereby affirm the same.

4

Affirmed.

**ISSUED**: June 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II